KNOLL, Judge.
Sandra Phillis Smith individually and on behalf of her minor son, Robert Demarest, appeals the dismissal of her suit for personal injuries sustained by her son at a roller rink owned and operated by Leo West d/b/a Leo’s Skating Rink (West). The trial court ruled that appellants failed to prove that horseplay/shoving caused the fall. The appellants contend that the trial court erred in failing to find negligence on the part of West, as well as a defect in the premises, i.e., an unguarded iron pole or pipe. We affirm.
Appellants allege that an unidentified skater pushed Robert from behind into an unguarded and unpadded railing affixed around the wall of the skating rink to assist patrons in maintaining their balance while resting or skating.
We have been favored by the learned trial judge’s well considered reasons for judgment setting forth the facts, which we incorporate herein:

“This is a suit filed by Sandra Phillis Demarest Smith, on behalf of her minor son, Robert James Demarest, for damages resulting from personal injuries suffered by him as a result of an accident occurring at the Leo West skating rink.

The accident occurred in the early evening of February 25, 1984- As a result thereof, the plaintiff suffered a fracture to his collar bone and an injury to his neck. Young Robert James Demarest was 15 years old at the time of the accident, and had been skating approximately 4 years, and had skated frequently at the defendant’s skating rink. The plaintiff alleges that while skating he was shoved from behind into an unguarded and unpadded pole or pipe which was installed on the wall of the rink to allow people to hold on while resting or for other reasons during skating. Plaintiff also alleges that there was some horseplay or jostling going on just immediately prior to his being shoved.

The issues in this case are as follows:

1) Was the defendant negligent, and as such, responsible for plaintiffs injuries for failing to have padding on the iron bar installed on the wall of the skating rink, and for not properly supervising patrons at his premises?

2) Was the plaintiff guilty of contributory negligence and/or did he assume the ordinary risk attendant upon skating at a skating rink?

3) If the plaintiff and defendant are negligent or the plaintiff assumed the ordinary risk of injury, what is the proportion of such negligence?

4) If the defendant is liable to plaintiff, what is the amount he would be entitled to?

The signs that were admittedly present at several placed [sic] in the skating rink stating ‘SKATE AT YOUR OWN RISK’ would not be a bar to plaintiffs recovery in the event the defendant was negligent in causing plaintiff’s accident and resulting injuries.

If this were a case of absolute liability without negligence, the signs would have the effect of warning the public and would mitigate the award granted to plaintiff for assumption of the risk. However, the Court in this case does not find that the skating rink owned and operated by the defendant is a dangerous operation in normal use, and as such, not subject to the rules governing absolute liability.

As stated above, the issues in this case are to determine whether or not the defendant’s conduct was suchas to constitute negligence by not properly supervising his patrons, and to install several bars without padding around his rink, and further whether or not the plaintiff was guilty of contributory negligence or assumed the ordinary risk of injury while skating.

*1170
The burden of proof is on the plaintiff to show the defendant’s negligence and that an accident occurred as a result of this negligence. On the other hand, the defendant has the burden of proof to show plaintiffs contributory negligence or assumption of the risk in such cases.

This Court is firmly convinced from all of the evidence that the plaintiff failed to prove that he was actually shoved by jostling parties.

The testimony of all other witnesses saw no horseplay or the shoving incident. The Court then must conclude that the plaintiff injured himself without such an incident. The Court further finds the plaintiff failed to carry the burden of proof to show that it was the bar that caused his injury. Further, that even if it had caused his injuries, it was safe and normal to have such a pipe to help people that were resting or falling down as a result of skating. To require padding on this pipe would have made it too bulky and large for its intended purposes.

The Court further finds it was the plaintiff that contributed to his own accident and resulting injuries, since he knew or should have known there was danger of ordinary risk associated with skating, particularly even believing his story about the shoving incident.

No one else saw the incident; therefore, it had to be spontaneous, if true, and the plaintiff would have been in a better position to see this spontaneous horseplay than anyone else. It is very clear to the Court that he assumed the foreseeable risk of using these recreational facilities. The risk he look was an ordinary risk in this skating activity.

The case is similar to Hill [sic] v. Skate Country East, Inc., 430 So. [sic] 1035, [ (La.App. 4th Cir.1983), writ denied, 438 So.2d 568 (La.1983)], in which the Court stated:

‘The operator of an amusement facility is not an insurer of the safety of the patrons but is liable for injuries received by them only if guilty of negligence. One who participates in a sport assumes the ordinary risk attendant upon such participation. Phillips v. Skate Country East, supra; Hyland v. Durr, 212 So.2d 158 (La.App. 4th Cir.1968). Some bumping or jostling is an ordinary risk of participation in roller skating. Katz v. Insurance Company of North America, 150 So.2d 879 (La.App. 4th Cir.1963, writs refused, 152 So.2d 565.’

However, in this case, the defendant’s position is stronger because the horseplay or shoving incident or the place of the accident herein is not adquately [sic] proven by the plaintiff. ”

The trial court’s factual determinations should not be disturbed on appellate review in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After a careful study of the record, we find that the trial judge’s factual determinations are amply supported, and the judgment is correct as a matter of law.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.